NICOLACI, APPELLANT, *v.*
LITTLEJOHN ET AL., APPELLEES.

(No. C-880185—Decided
January 31, 1989.)

*Tony Nicolaci, pro se.*

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Robert E. Taylor,* for appellees.

*Per Curiam.* The complaint filed by plaintiff-appellant, Tony Nicolaci, alleged that on November 5, 1987, his automobile was towed from a parking lot at Central Parkway and Broadway Street in Cincinnati, by a garage employee known as "Junior," at the request of Hamilton County security guard Sam Littlejohn. The complaint sought to recover $55, the amount plaintiff allegedly lost as a result of towing charges and lost wages.

Defendants filed a motion for summary judgment, with supporting affidavits and other documents, stating that the parking lot is owned by the Hamilton County Board of County Commissioners; that the lot is operated as an off-street facility by authority of the Ohio Revised Code, with parking spaces for various elected county officials and other designated county employees; that on the date in question, conspicuous signs were posted on the lot stating that parking was reserved and that unauthorized cars would be towed away; and that plaintiff's car was towed from a numbered parking space upon the complaint of the person assigned to that space. Plaintiff did not file any memorandum or evidence in opposition to the motion for summary judgment, and the trial court granted the motion after hearing the arguments of counsel for the parties.

Plaintiff alleges in his first assignment of error that the trial court erred in granting summary judgment for defendants, arguing that there was no authority to tow his vehicle from the parking lot. He further contends that the trial court did not provide him the opportunity to present an entire case.

Under R.C. 307.02, boards of county commissioners have the authority to set aside off-street parking places for use in conjunction with county offices.[1]

---

[1] R.C. 307.02 provides in pertinent part that "[t]he board of county commissioners of any county, in addition to its other powers, may purchase * * * and furnish a courthouse, county offices, jail * * * and off-street parking facilities determined by the board of county commissioners to be so situated as to be useful for any of such purposes * * *."

As we noted above, plaintiff did not file any documents in opposition to the motion for summary judgment; thus, there is nothing before us to indicate that this authority was improperly exercised in the present case. Concerning plaintiff's argument that he was not permitted to present an entire case, we note the following provision of Civ. R. 56(E):

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Plaintiff had ample opportunity to respond to defendants' motion for summary judgment, but he failed to do so. We overrule the first assignment of error.

The second assignment of error is that "[t]he trial judge hearing the summary judgment erred by not disqualifying himself." R.C. 2937.20, which by its terms applies to civil actions, sets forth the procedure to be followed by those who seek the disqualification of a municipal court judge; the procedure begins with the filing of an affidavit of bias or prejudice by a party prior to the hearing of a cause. The record reveals that plaintiff did not either file such an affidavit or request that the judge disqualify himself under Canon 3(C)(1), Code of Judicial Conduct; in short, there is nothing to indicate that plaintiff ever raised the issue of disqualification in the court below, and the issue may not be raised in the court of appeals. *Beer* v. *Griffith* (1978), 54 Ohio St. 2d 440, 8 O.O. 3d 438, 377 N.E. 2d 775, held that courts of appeals are without authority to pass upon the disqualification of judges of the court of common pleas because the procedure set forth in R.C. 2701.03 permits only the Chief Justice of the Ohio Supreme Court or his designee to decide disqualification matters. Under the analogous procedure in R.C. 2937.20, only a judge of the court of common pleas or his designee may pass upon the disqualification of municipal court judges. Accordingly, the second assignment of error is overruled.

The third assignment of error states that the "[m]otion for summary judgment was erroneously granted since affidavits were not before the judge by way of affidavits reflecting title of property." The record reveals that ownership of the parking lot was properly shown by the affidavits filed by defendants in support of their motion for summary judgment, and plaintiff presented no evidence to raise any issue about that ownership. Therefore, we overrule the third assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and UTZ, JJ., concur.