OPINION
{¶ 1} Defendants-Appellants Billy G. Day and Robin R. Day are appealing the decision of the Dayton Municipal Court granting a motion for summary judgment filed by Plaintiff-Appellee Ebbets Partners, Ltd. ("Ebbets").
 {¶ 2} In 1996, the Days leased a 1995 Ford Mustang from Fifth Third Bank. After the Mustang proved to have significant mechanical problems, the Days attempted to return the vehicle. Fifth Third determined that the Days were in default on the lease contract, and on July 10, 1998 filed suit for breach of contract in the Greene County Court of Common Pleas for the $5,190.20 still due on the lease. Beau Townsend Ford was impleaded and added as a third party.
 {¶ 3} Much confusion occurs in the record after this point. At some point the suit against the Days was dismissed. According to the Days, Fifth Third and Beau Townsend Ford agreed to drop the suit because the Days were unhappy with the leased automobile. In any event, the trial court filed an entry on May 16, 2001, dismissing the matter administratively without prejudice, stating that the case had been "reported as settled."
 {¶ 4} On July 19, 2001, Ebbets brought the action in Dayton Municipal Court as an assignee of Fifth Third. The Days answered and filed a counterclaim, alleging violations of the Fair Debt Collections Practices Act. The Days filed a motion for summary judgment on May 20, 2002, asserting that Ebbets' cause of action was precluded by res judicata, and that Ebbets had no standing to sue the Days because there had not been a proper assignment of the lease from Fifth Third to the Days. The trial court denied the motion on July 3, 2002. On October 2, 2002, Ebbets filed a motion for leave to file a second motion for summary judgment, asserting that there were no genuine issues of material fact regarding the debt and the assignment of the lease to Ebbets. The trial court granted the motion for summary judgment, and the Days now appeal asserting two assignments of error.
 {¶ 5} The Days' first assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the defendants-appellants by granting summary judgment where issues of genuine fact remain."
 {¶ 7} Preliminarily, we note that when reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 671 N.E.2d 241,1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. of Edn. (1997),122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing Dupler v. MansfieldJournal Co. (1980), 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187, 18 O.O.3d 354. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 8} Summary judgment can be appropriately granted where (1) "there is no genuine issue as to any material fact; (2) * * * the moving party is entitled to judgment as a matter of law; and (3) * * * reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 8 O.O.3d 73; see, also, Civ.R. 56(C). The movant has the burden to prove that no genuine issues of material fact exist by specifically pointing to evidence in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which show that the non-movant has no evidence to support its claims. Harless, supra;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 622 N.E.2d 264; Civ.R. 56(C).
 {¶ 9} Furthermore, Civ.R. 56(E) states, in pertinent part:
 {¶ 10} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."
 {¶ 11} In this first assignment of error, the Days claim that summary judgment was inappropriate because the underlying contract evidencing an assignment from Fifth Third to Ebbets specifically exempted any lease that was being pursued by outside counsel at the time of the contract formation. Since the lease in this case was being pursued by outside counsel in the Common Pleas Court of Greene County during the time that Ebbets and Fifth Third entered into the lease sale contract, questions of fact remain regarding whether the assignment was effective and if Ebbets is a proper party to this suit. The Days assert, however, that the assignment agreement, signed by Fifth Third's Collection Manager, Stacey Dooley and upon which the trial court relied, does not meet the evidentiary standards required under Civ.R. 56(E), as the assignment agreement had not been supported by an affidavit based upon personal knowledge.
 {¶ 12} The trial court found that Ebbets had paid for and received assignment of the Days' account on September 20, 1999, while the 1998 suit was pending. The trial court relied upon the assignment agreement signed by Dooley which Ebbets had attached to their motion for summary judgment. The assignment was found to have had occurred, and the trial court consequently granted Ebbets' motion for summary judgment.
 {¶ 13} We have reviewed all of the accompanying documents, including the "Accounts Sale Agreement," the Janesz affidavit, and the notarized copy of an "Assignment of Note and Security Agreement," signed by Dooley. The Accounts Sale Agreement is a contract assigning leases from Fifth Third to Ebbets. The document was properly submitted with an affidavit by William Janesz, an Ebbets' employee, who attested to having personal knowledge that the document was a proper business record of Ebbets. We find the Accounts Sale Agreement to be a document capable of consideration by the trial court in rendering its decision on summary judgment under Evid.R. 803(6). However, contained in the Accounts Sale Agreement is a clause restricting the assignment of any lease being pursued by outside counsel at the time of the contract formation.
 {¶ 14} To clarify matters, Ebbets included the August 15, 2002 assignment agreement signed by Dooley with its motion for summary judgment. The assignment agreement states that on September 30, 1999, Fifth Third agreed to sell, assign, and transfer the rights, title, and interest to Ebbets Partners, the Days' account opened on June 27, 1996, without recourse, representation, or warranty. This document would demonstrate that despite the restriction contained in the Accounts Sale Agreement, the Days' lease was assigned to Ebbets. We note that Ebbets did not attach this document to their response to the Days' first motion for summary judgment. Ebbets did attach this document to its motion for summary judgment, however it failed to attach to it any supporting affidavit.
 {¶ 15} We find that without a supporting affidavit or other sworn or certified material permitted by Civ.R. 56(E), the assignment agreement signed by Dooley was not properly before the trial court. Accordingly, the trial court erred in admitting the agreement and in relying upon it in its decision. Without the agreement, genuine issues of fact remain regarding the existence of an assignment of the Days' lease to Ebbets, and whether Ebbets is a proper party to the suit.
 {¶ 16} Accordingly, we find merit in the Days' first assignment of error, and reverse and remand the case to the trial court.
 {¶ 17} The Days' second assignment of error:
 {¶ 18} "The trial court erred to the prejudice of the appellants by abandoning its duty to provide an unbiased magistrate and by championing Ebbets' position."
 {¶ 19} The Days assert that the trial court was biased in "advancing" Ebbets' argument and determining that the lease was assigned to Ebbets and in concluding that Ebbets had standing to bring the suit. The Days request this court to reverse and remand the case for an impartial determination by the trial court.
 {¶ 20} Because the Days failed to file an affidavit of disqualification and thereby failed to follow the mandates of R.C.2701.031, which sets forth the procedure by which a party may seek a judge's disqualification, they have waived the issue on appeal. Walkerv. J.W. Automotive (June 29, 2001), Montgomery App. No. 18683. Even if this court were to assume that the Days properly preserved this issue for review, we would still refrain from determining whether the trial judge should have disqualified himself from the proceeding. Instead, R.C.2701.031 provides the exclusive vehicle for a litigant to pursue a claim that a municipal court judge is biased and prejudiced. Id.
 {¶ 21} Under R.C. 2701.031(E), the presiding judge or a judge of the common pleas court has the authority to determine disqualification issues regarding judges of municipal courts. This court, however, has no authority to render a decision with regard to disqualification, Nicolaciv. Littlejohn (1989), 55 Ohio App.3d 147, 148, 563 N.E.2d 368, or to vacate a trial court's judgment on an appellant's claim of bias or prejudice, Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442,377 N.E.2d 775, 8 O.O.3d 438; Kettering v. Berger (1982),4 Ohio App.3d 254, 255, 448 N.E.2d 458.
 {¶ 22} Accordingly, the Days' second assignment of error is without merit.
 {¶ 23} Judgment of the trial court is reversed and remanded in accordance with this opinion.
BROGAN, J. and WOLFF, J., concur.