NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0209n.06
Filed: March 24, 2005

No. 04-3203

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GUY M. CICCHINI, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF OHIO |
| J. KENNETH BLACKWELL, et al., | ) | |
| | ) | |
| Defendant-Appellants. | ) | |
| | ) | |

Before: NORRIS and GIBBONS, Circuit Judges; and TODD, District Judge.[*]

**JAMES D. TODD, District Judge.** Plaintiff Guy Cicchini appeals the district court's denial of his motion to amend his original complaint. The district court issued a marginal entry order denying Cicchini's motion. Because the district court's denial of the motion to amend without explanation is harmless error, we **AFFIRM** the decision of the district court.

## I. Background

Plaintiff Guy Cicchini sued Ohio Secretary of State Kenneth Blackwell and various private attorney advocacy groups for the alleged deprivation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Jurisdiction was predicated on 42 U.S.C. § 1983. During the litigation, Cicchini moved for leave to amend his complaint. The district

---

[*]The Honorable James D. Todd, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

court denied the motion without explanation and, subsequently, granted Blackwell's motion for judgment on the pleadings and the motion to dismiss of the other defendants.

The district court action arose from a dispute in the Ohio state court. In May 1995, Cicchini's ex-wife, Mary Ann Galmish, sued Cicchini for breach of contract and fraud in the Stark County Court of Common Pleas. A jury found in favor of Galmish and awarded her compensatory and punitive damages, as well as attorney fees. The Ohio Court of Appeals reversed the decision of the trial court, but the Ohio Supreme Court reinstated the jury verdict in a 4-3 decision. *See Galmish v. Cicchini*, 734 N.E.2d 782 (Ohio 2002).

On September 20, 2002, Cicchini filed suit in the United States District Court, Eastern District of Ohio, against Ohio Secretary of State Kenneth Blackwell,[2] the Ohio Academy of Trial Lawyers ("OATL"), a private professional association representing trial lawyers, and OATL's two political action committees, Citizens for an Independent Court ("CIC") and Attorneys Dedicated to Ohio People Totally ("ADOPT"). Cicchini's cause of action centered on OATL's filing of an *amicus curiae* brief in support of Galmish during the Ohio Supreme Court proceedings. According to Cicchini, the four Ohio Supreme Court justices who ruled against him were unduly influenced by OATL's *amicus curiae* brief because they had received campaign contributions from that organization. Cicchini alleged that the system of financing judicial elections in Ohio "deprived him of his right to have his case decided by a court that was impartial in fact and in a system that appears impartial." JA 8-9. Cicchini further alleged that the financing system generally violated his

---

[2] As Secretary of State, Blackwell serves as the chief elections officer for the state of Ohio.

Fourteenth Amendment Due Process rights. *Id.* He also alleged that OATL, ADOPT, and CIC "conspired to deprive [him] of his right to a hearing before an impartial tribunal as guaranteed by the Fourteenth Amendment." JA 8.

Blackwell filed an answer and a motion for judgment on the pleadings, and the other defendants filed a motion to dismiss. On December 9, 2002, the district court issued a case management plan which stated that "[n]ew parties shall be joined and the pleadings shall be amended on or before March 5, 2003." Cicchini filed an amended complaint on January 27, 2003. Because Cicchini had not obtained leave of court or the written consent of the defendants, the court struck the amended complaint.

Cicchini moved the court to reconsider its decision on the ground that the case management plan constituted "leave" by the court to amend his pleadings at any time before March 5, 2003. The court granted the motion to reconsider but adhered to its original ruling. In its order, the court explained that the case management plan did not waive the requirements of Rule 15(a) of the Federal Rules of Civil Procedure and that the deadline was "merely a time limitation – not a blanket leave until March 5, 2003." JA 102. On March 5, 2003, Cicchini moved for leave to file an amended complaint. On April 25, 2003, the court issued a marginal entry order which denied Cicchini's motion without explanation.

The district court issued an opinion and order on January 9, 2004, granting Blackwell's motion for judgment on the pleadings and the other defendants' motion to dismiss. Cicchini appeals from that order, as well as from the order denying his motion for leave to file an amended complaint. Because Cicchini's appellate brief does not address the district court's grant of Blackwell's motion

for judgment on the pleadings or the other defendants' motion to dismiss, we limit our review to the decision to deny the motion to amend the complaint. *See McMurphy v. City of Flushing*, 802 F.2d 191, 198-99 (6th Cir.1986).

Cicchini raised various federal claims under 42 U.S.C. § 1983; therefore, the district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a). This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Analysis

Cicchini contends that the district court erred when it denied his motion to amend his complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." We review a district court's order denying a Rule 15(a) motion to amend for an abuse of discretion. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783 (6th Cir.2000).

Although a district court has discretion to deny a motion to amend a complaint after an answer has been filed, the court abuses its discretion when it fails to state a basis for its decision to deny the motion. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir.1999); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986). "[An] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, the district court issued a marginal entry order denying Cicchini's motion for leave to amend his complaint and, thus, did not provide an explanation for the denial. Because

the district court denied the motion without explanation, it abused its discretion. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 419 (6th Cir.2000) (finding that a district court abuses its discretion by denying a motion to amend with a margin entry containing no explanation). However, a district court's abuse of its discretion may amount to harmless error if the proposed amendment would have been futile. *See, e.g.*, *Jet, Inc.,* 165 F.3d at 425 (holding that a magistrate judge's denial of a motion to amend without providing an explanation was harmless because the "futility of amending [the plaintiff's] complaint would have been appropriate grounds on which to deny the motion to amend"). Accordingly, this court must consider whether Cicchini's proposed amended complaint would have been futile.

A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir.2001).[3] A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court must view the complaint in the light most favorable to the plaintiff and accept the well-pled facts as true but need not accept legal conclusions or unwarranted factual inferences as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Although Cicchini argues that the "amended complaint was materially different from the original complaint in its breadth, factual allegations, legal basis and parties," Appellant's Br. at p.

---

[3] A district court's decision to grant a defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b). *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir.2003).

9, the amended complaint, other than adding more private advocacy groups and the individual justices of the Ohio Supreme Court as defendants, merely included variations of the claims in the original complaint. Therefore, the district court's analysis in its order granting the defendants' motions for judgment on the pleadings and to dismiss is instructive in determining whether the added claims would be futile.

In order to prevail in a § 1983 action, the plaintiff has the burden of showing that he was deprived of a constitutional right and that the deprivation occurred under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Cicchini does not allege in either the amended complaint or in his brief that the attorney advocacy group defendants are state actors. Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Therefore, Cicchini's amended complaint would not survive a Rule 12(b)(6) motion to dismiss with regard to the added advocacy group defendants.

As to Blackwell, the district court held that Cicchini's claims against Blackwell should be dismissed because the Eleventh Amendment bars a suit for injunctive relief against Blackwell. Although the Eleventh Amendment bars a suit for damages or injunctive relief against a state official when "the state is the real, substantial party in interest," *see Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), a federal court can award a prospective injunction against a state official who is enforcing a statute that violates the Fourteenth Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984).

Cicchini alleges in his amended complaint that "Defendant Blackwell has chosen to enforce the [contribution] limits of Canon 7 rather than the limits enacted by the legislature in O.R.C. chapter 3517. In doing so he has acted without due process of law."[4] JA 88. As the district court explained, Blackwell has nothing to do with enforcing Canon 7 of the Ohio Code of Judicial Conduct, which governs the financing of the campaigns of judicial candidates and is enforced by the Supreme Court itself. Blackwell cannot be enjoined from enforcing a rule that he is not already enforcing. *See Pennhurst*, 465 U.S. at 102. For this reason, Cicchini's amended complaint would meet the same fate as his original complaint with regard to defendant Blackwell, i.e., it would not survive a motion for judgment on the pleadings and, therefore, Cicchini's additional claims against Blackwell would have been futile.

Cicchini's amended complaint also attempted to add the individual justices of the Ohio Supreme Court as defendants. Although Cicchini alleges that the justices are responsible for creating and enforcing the Code of Judicial Conduct, the complaint does not explain what relief Cicchini seeks with regard to the justices. Construing the complaint in the light most favorable to Cicchini, it appears that Cicchini claims that the justices adhere to and enforce a judicial system that violates Cicchini's due process rights by: allowing groups and individuals to influence judges by contributing to judges' campaigns; failing to provide procedural safeguards by which a litigant can challenge the refusal of a justice to recuse himself in any particular case; and allowing groups to "lobby" the Ohio Supreme Court by filing *amicus curiae* briefs. Unlike Blackwell, the justices do

---

[4]Cicchini's complaint does not specify what type of relief, injunctive or otherwise, he seeks with regard to Blackwell.

in fact administer Canon 7, and, unlike the attorney advocacy group defendants, they are state actors. Nevertheless, even accepting all of the amended complaint's factual allegations as true, Cicchini could prove no set of facts in support of his claims that would entitle him to relief.

First, the Supreme Court has indicated that the Due Process Clause does not require states to have a procedure by which a litigant can disqualify a judge for bias or prejudice. *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820 (1986). A state's procedure for recusal of judges "is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked fundamental." *Id.* at 821 (quoting *Patterson v. New York*, 432 U.S. 197, 201-02 (1977)); *see also Tumey v. Ohio*, 273 U.S. 510, 523 (1927) ("All questions of judicial qualification may not involve constitutional validity. Thus matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion."). Only in the "most extreme of cases," when a judge has a "direct, personal, substantial, pecuniary interest" in a particular outcome in a case, would due process concerns be raised about a judge's participation in that case. *Lavoie*, 475 U.S. at 821-22; *Tumey*, 273 U.S. at 523. Cicchini does not allege that any of the Ohio Supreme Court justices had a "direct, personal, substantial, pecuniary interest" in a particular outcome of the case that he litigated before the Ohio Supreme Court.

Likewise, despite launching a broad attack on Ohio's system of electing judges, Cicchini's amended complaint fails to raise any basis for finding the system constitutionally suspect. Since *Buckley v. Valeo*, 424 U.S. 1 (1976), the Supreme Court has indicated that it is much easier, constitutionally, for the government to place limits on contributions to campaigns than it is for the

government to place limits on candidate expenditures. *See also McConnell v. FEC*, 540 U.S. 93, 134-35 (2003). Ohio's system conforms to this generalized constitutional scheme. *Cf. Suster v. Marshall*, 951 F. Supp. 693, 695 (N.D. Ohio 1996) (striking down that portion of Canon 7 of the Ohio Code of Judicial Conduct that restricts expenditures by a judicial candidate). Moreover, the Supreme Court has recently held that the election of state judges does not violate the Due Process Clause of the Fourteenth Amendment. *See Republican Party v. White*, 536 U.S. 765, 782-83 (2002). In sum, Cicchini's claims against the justices of the Ohio Supreme Court would not survive a motion to dismiss because they are substantively deficient.

For all these reasons, the additional claims in Cicchini's proposed amended complaint would have been futile.

### III. CONCLUSION

Although the district court abused its discretion when it denied Cicchini's motion to amend without providing an explanation for its decision, the court's abuse of discretion was harmless error. Therefore, we **AFFIRM** the district court's denial of the motion to amend.