OPINION
{¶ 1} This timely appeal comes for consideration upon the approved statement of the evidence from the trial court and the parties' briefs. Appellant Keith Clemons appeals the decision of the Campbell Municipal Court dismissing his small claims complaint as being frivolous. With this challenge, Clemons maintains that the trial court was biased and prejudiced against him and that the trial court abused its discretion by failing to allow him a full trial.
 {¶ 2} Because this court does not have the authority to decide whether a municipal court was biased or prejudiced, we will dismiss that portion of the appeal. With regard to Clemons' claim that the trial court abused its discretion by preventing him from litigating his entire case, this claim also fails since Clemons has failed to demonstrate that there was any more evidence or testimony to present. Accordingly, the judgment of the trial court is affirmed.
 {¶ 3} On March 24, 2004, Clemons filed a pro-se complaint in Campbell Municipal Court Small Claims Division against Appellee Elizabeth Hafner to obtain personal property allegedly in Hafner's possession. The case was set for hearing on May 25, 2004. The hearing was not recorded, and therefore not transcribed. However, Clemons has provided this court with a statement of the evidence that was approved by the trial court.
 {¶ 4} Clemons entered the courtroom on May 25, 2004 several minutes prior to the hearing and observed opposing counsel conversing with the judge at the bench. Clemons counsel was not privy to the conversation. Clemons believed that opposing counsel had no other cases before the judge that day. Immediately after the conversation, the above captioned case was called to the bench. The judge's beginning remarks were, "don't waste a lot of my time with this case." Clemons, was sworn in as a witness and began to testify.
 {¶ 5} Clemons testified that he lived with Hafner approximately one year, ending December 2002, when he moved out. In May 2003, Hafner contacted Clemons by mail informing him that she no longer was going to store his belongings. Clemons testified that he contacted Hafner as soon as he received the letter but the parties had difficulty agreeing on a date for him to get his belongings. Clemons did obtain some of his belongings, and the last attempt was in March 2004, when the parties got into an argument, and Clemons was unable to retrieve the rest of his belongings. Clemons testified as to which belongings he was missing and the list was submitted as evidence.
 {¶ 6} Hafner's counsel cross-examined Clemons and asked whether Clemons was aware that Hafner was recently engaged. Clemons counsel objected as the question was irrelevant, at which point the trial court stated that it had heard enough and ruled against Clemons.
 {¶ 7} In the trial court's judgment entry dated May 25, 2004, it noted that it was in Clemons' interest to have his belongings stored at Hafner's residence as he could not afford to move them or store them. The court further emphasized that Clemons did not give his address to Hafner until six months after he moved out. Finally, the entry concluded that Clemons' claim was frivolous.
 {¶ 8} As his sole assignment of error, Clemons claims:
 {¶ 9} "The Campbell Municipal Court abused its discretion in dismissing Appellant's cause of action, because the Court violated Appellant's right to a fair trial and exhibited bias and prejudice against Appellant."
 {¶ 10} This court presumes that bias or prejudice on the part of the trial judge does not exist. See Okocha v. Fehrenbacher (1995),101 Ohio App.3d 309, 322. In order to overcome this general presumption of integrity, a party must set forth evidence sufficient to demonstrate a trial judge's partiality. Id. If a party shows, however, that the trial judge exhibited bias or prejudice during a proceeding, the trial judge must disqualify himself from the proceeding. See Canon 3(E)(1) of the Code of Judicial Conduct. Furthermore, disagreement or dissatisfaction with a trial judge's opinions of law does not constitute bias or prejudice that mandates a judge's disqualification. See In reDisqualification of Murphy (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.
 {¶ 11} If a municipal court judge does not voluntarily recuse himself pursuant to Canon 3(E)(1) of the Code of Judicial Conduct, then either party may attempt to have a common pleas judge decide whether or not the municipal court judge should be disqualified. See R.C. 2701.031. In order to disqualify a municipal court judge, a party must comply with procedures as set forth in R.C. 2701.031, which provides:
 {¶ 12} "(A) If a judge of a municipal or county court allegedly * * * has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending.
 {¶ 13} "(B) An affidavit of disqualification shall be filed under this section with the clerk of the court in which the proceeding is pending not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:
 {¶ 14} "(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations;
 {¶ 15} "(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;
 {¶ 16} "(3) A certificate indicating that a copy of the affidavit has been served on the judge of the municipal or county court against whom the affidavit is filed and on all other parties or their counsel;
 {¶ 17} "(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.
 {¶ 18} "(C)(1) Except as provided in [R.C. 2701.031(C)(2)], when an affidavit of disqualification is presented to the clerk of a municipal or county court for filing under [R.C. 2701.031(B)], the clerk shall enter the fact of the filing on the docket in that proceeding and shall provide notice of the filing of the affidavit to one of the following:
 {¶ 19} "(a) The presiding judge of the court of common pleas of the county;
 {¶ 20} "(b) If there is no presiding judge of the court of common pleas of the county, a judge of the court of common pleas of the county."
 {¶ 21} "R.C. 2701.031 * * * provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced." State v. Hunter, 151 Ohio App.3d 276, 2002-Ohio-7326. Pursuant to R.C. 2701.031(E) the presiding judge or a judge of the common pleas court has the authority to determine disqualification issues regarding judges of inferior courts. This court, however, has no authority to render a decision with regard to disqualification, Nicolaciv. Littlejohn (1989), 55 Ohio App.3d 147, 148, or to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge, Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442
(holding that the court of appeals was without authority to pass upon disqualification or to void the judgment of the trial court even if the judgment was erroneous); see, also, State v. Greer (Oct. 28, 1992), 9th Dist. No. 15217, at 18-19; Holloway v. Holloway Sportswear, Inc., 3d Dist. Nos. 17-98-20 and 17-2000-18, at 8-9.
 {¶ 22} Because we have no authority over this claim, we must disregard this portion of Clemons appeal. However, we must still address Clemons claim that the trial court abused its discretion by denying him a fair trial.
 {¶ 23} Clemons asserts that he was deprived of his right to a fair trial and was prevented from presenting his entire case. He further claims counsel was prevented from placing objections on the record and presenting further evidence. However, what Clemons fails to assert is what evidence or testimony would have been proffered had he been given the opportunity to continue with the trial. As Hafner points out in her brief, Clemons was afforded the opportunity to testify and give his side of the story. It wasn't until the cross-examination of Clemons that the trial court decided that it had heard enough and orally dismissed the claim as being frivolous. Because there is nothing in the record indicating that Clemons was prevented from introducing any further evidence, we find this assignment of error is meritless.
 {¶ 24} For these reasons, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.