DECISION AND JUDGMENT ENTRY
{¶ 1} Wayne L. Nichols appeals his Portsmouth Municipal Court conviction of violating Ordinance 1319.03 of the City of Portsmouth, which states, "All exterior property areas and premises shall be maintained in a clean, safe and sanitary condition free from any accumulation of rubbish or garbage." On appeal, the crux of Nichols' contention is that the trial court judge should have recused himself because he was biased. Because Nichols failed to follow the procedure set forth in R.C. 2701.031, and because R.C. 2701.031(E) provides that the common pleas judge has the sole authority to decide if the municipal court judge is biased, we lack jurisdiction to consider this issue. Accordingly, we dismiss this appeal.
 I. *Page 2 {¶ 2} The trial court, after a bench trial, found Nichols guilty of violating Portsmouth Ordinance 1319.03, a sanitation offense. The court ordered Nichols to pay a $50 fine and complete a health department education course. The court then suspended the fine.
 {¶ 3} Nichols appeals and asserts the following six assignments of error: I. "IS THAT JUDGE RUSSELL D. KEGLEY SHOULD HAVE EXCUSED HIMSELF FROM THIS CASE AS HE AND OR HIS FAMILY ARE CUSTOMERS OF THE STAR DRY CLEANERS WHOM ARE AT THE ROOT OF THIS CASE. RUSSELL D. KEGLEY ALSO WENT TO HIGH SCHOOL AND GRADUATED WITH JAMES KALB THE MAYOR OF THE CITY OF PORTSMOUTH AND THE OVERSEERER OF THE HEALTH DEPARTMENT." II. "THE PORTSMOUTH MUNICIPAL COURT IN ITS RULING NOT TO ALLOW, THE PICTURES OF OTHER PROPERITIES WITH EITHER JUST AS BAD OR FAR WORSE THAN MY DRIVE WAY, PORCH, AND BACKYARD VIOLATED THE 14th AMENDMENT TO THE CONTITUTION "EQUAL PROTECTION UNDER THE LAW" SO AS NOT TO DISCRIMINATE AGAINST ME/ESPECIALLY AS A DISABLED PERSON." III. "JUDGE RUSSELL D. KEGLEY ALSO IGNORED THE FACT THAT MR. JEFF BARRON REPORTER FOR THE PORTSMOUTH DAILY TIMES THAT HAD BEEN SUBPEANED DID NOT COME TO COURT AS I PROPABLY COULD HAVE PROVED THE MAYOR JAMES KALB PURJURED HIMSELF ON THE UNDER OATH ABOUT WHO INFORMED THE PORTSMOUTH DAILY TIMES ABOUT MY CITATION FROM THE HEALTH DEPARMENT SO IT NOT BEING REALLY WORTHY WAS IN FACT FRONT *Page 3 
PAGE NEWS, SO AS TO INJURER MY CHANCES TO BE ELECTED TO CITY COUNCIL." IV. "THE COURT IGNORED MY BRIEF WHEN I STATED OTHER FEDERAL LAWS AS I ASSUMED THE JUDGE WOULD "UNDERSTAND" MEANING REFERING TO THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA) 42 USC 12101 TITLE II STATE AND LOCAL GOVERNMENT — PART A (42 USC ss 12131-12134; CFR PARTS 35) ESPECIALLY NOT LOSING PATIENCE WITH ME AS I DID NOT BUY/OR RENT A DUMPSTER FROM THE CITY FOR ADDITIONAL $10.00 PER USE OR MONTH MORE ON MY ALREADY BLOATED AND TOO MUCH FOR THE SERVICES PROVIDED GARBAGE/WATER BILL." V. "I FEEL THE COURT TURNED A BLIND EYE TO THE FACT THAT TOM QUEEN AT THE STAR CLEANERS WAS PURPATRATING (I TERMED IT THEN A VENDETTA) RETALATION ON MYSELF WAYNE LEE NICHOLS AFTER TELL HIM I FELL ON THE STAR CLEANERS FRONT PATIO/SIDE WALK AREA ON ICE THAT COMES FROM HIS ROOF DRAIN AND HIS SMALL CREW OF HELPERS ONLY PARTIALLY CLEANED LAST FEBRUARY 2007. THIS IS IN VIOLATION AGAIN ADA 42 USC 12101 TITLE II 3.1100 RETALATION OR COERCION." And, VI. "THE COURT FAILED TO NOTE, NOR DID I THE APPEARENT DEMONER OF MR. THOMAS QUEEN, WHOM DECEIVED THE COURTUNDER OATH ABOUT WHO CALLED THE PORTSMOUTHN CITY HEALTH DEPARTMENT HE STATED THAT IT WAS ONE OF TWO EMPLOYEES THAT CALLED. IN FACT IF I COULD CALL A WITNESS AT YOUR HEARING THIS PERSON COULD TELL YOU THE APPEALS COURT THAT MR. THOMAS QUEEN KNEW *Page 4 
EXACTLY WHO CALLED, AS THEY QUOTED `HE PUT THE EMPLOYEE UP TO IT, CERTAINLY BOARDING ON PURJURY." (sic as to all six assignments of error).
 II. {¶ 4} Here, as a preliminary matter, we note that Nichols' failed to comply with App.R. 12(A)(2) and App.R. 16(A).
 {¶ 5} App.R. 12(A)(2) states, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 6} App.R. 16(A) states,
 The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 (1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 (6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 (8) A conclusion briefly stating the precise relief sought. *Page 5 
 {¶ 7} Here, Nichols filed two documents with this court. The first document only states Nichols' six assignments of error. None of the assignments of error cite any part of the record where any alleged error occurred, as required by App.R. 12(A)(2) and App.R. 16(A)(3). In addition, it contains no argument as required by App.R. 16(A). The second document called "LEGAL BRIEF" contains no assignments of error; contains no reference to any of the six assignments of error contained in the first document; and fails to separately argue each assignment of error. Instead, it contains an argument without any citation to authority or any part of the record, as required by App.R 16(A)(7). Further, the two documents combined fail to comply with a single requirement of App.R. 12(A)(2) or App.R. 16(A).
 {¶ 8} For the above reasons, we could disregard the alleged errors and affirm the trial court's judgment. However, in the interest of justice, we will attempt to discern Nichols' argument.
 {¶ 9} Nichols appears to contend in his first assignment of error that the municipal court judge was biased and should have recused himself. Nichols maintains that the judge was biased because he and/or his family were customers of Star Dry Cleaners ("the root of this case"), and because he went to high school and graduated with the mayor of Portsmouth, who oversees the health department. Nichols claims that the judge's bias led him to exclude certain photos from the evidence (Nichols' second assignment of error), to ignore the fact that a subpoenaed witness did not appear (his third assignment of error), to ignore Nichols' brief (his fourth assignment of error), to ignore the alleged *Page 6 
motive for a witness to retaliate against Nichols (his fifth assignment of error); and failed to note that the same witness was not telling the truth (his sixth assignment of error).
 {¶ 10} Because this is a jurisdictional issue, our review is de novo. See, e.g., State v. Moore, Highland App. No. 03CA18, 2004-Ohio-3977, ¶ 8, citing Burns v. Daily (1996), 114 Ohio App.3d 693, 701.
 {¶ 11} When a party to a proceeding pending before a municipal court judge alleges that the judge has a bias against a party, he or she "may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending." R.C. 2701.031(A). The affidavit must comply with R.C. 2701.031 (B). The clerk must follow R.C. 2701.031(C), including notifying the proper common pleas court judge. The common pleas judge then has the sole authority to decide if the municipal court judge is biased. See R.C. 2701.031(E).
 {¶ 12} Here, Nichols failed to follow the proper procedure and file an affidavit with the clerk. Because R.C. 2701.031 (E) grants the common pleas court with the sole authority to rule on the disqualification of a municipal court judge because of bias, we have no jurisdiction to consider the issue. See, e.g., Hardy v. Hardy, Cuyahoga App. No. 89905,2008-Ohio-1925, ¶ 11, citing State v. Tripp, Seneca App. No. 13-06-17, 2007-Ohio1630, ¶ 20.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 7 
 JUDGMENT ENTRY
It is ordered that this APPEAL BE DISMISSED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. Harsha, J.: Concur in Judgment and Opinion. *Page 1