[Cite as *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 2013-Ohio-5543.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Columbus Checkcashers, Inc., | : | |
| Plaintiff-Appellant, | : | No. 13AP-106 |
| | | (M.C. No. 2011 CVF 25377) |
| v. | : | No. 13AP-107 |
| | | (M.C. No. 2011 CVF 162) |
| Guttermaster, Inc. et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 17, 2013

*Kevin O'Brien & Associates Co., L.P.A.*, and *Kevin O'Brien*, for
appellant.

APPEALS from the Franklin County Municipal Court

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Columbus Checkcashers, Inc., appeals two judgments of
the Franklin County Municipal Court in favor of defendant-appellee, Guttermaster, Inc.
For the following reasons, we affirm the judgment appealed in case No. 13AP-107 and
reverse the judgment appealed in case No. 13AP-106.

{¶ 2} On January 3, 2011, Columbus Checkcashers filed a complaint against
Guttermaster and Christopher L. Willis. The complaint alleged that Guttermaster was the
drawer of a $320.50 check made out to Willis. Willis cashed the check at Columbus
Checkcashers. Guttermaster's bank dishonored the check because Guttermaster had
stopped payment. Columbus Checkcashers sought payment of the check pursuant to R.C.

1303.54, which, according to Columbus Checkcashers, obligated Guttermaster or Willis to pay it the amount due on the check.[1]

{¶ 3}   Guttermaster answered the complaint and asserted a cross-claim for contribution and trespass against Willis.  In support of the cross-claim, Guttermaster alleged that it fired Willis after he failed to show up for work.  The day after his discharge, Willis broke into Guttermaster's office and stole the check at issue from the desk of Guttermaster's president.

{¶ 4}   On May 24, 2011, the trial court scheduled a trial for 10:00 a.m. on June 9, 2011.  Two days before the trial date, Columbus Checkcashers moved for a continuance. The trial court denied that motion.

{¶ 5}   On the afternoon of June 8, 2011, Columbus Checkcashers voluntarily dismissed its claims pursuant to Civ.R. 41(A)(1)(a).  Although trial was scheduled to commence within hours of the filing of the notice of dismissal, Columbus Checkcashers' attorney, Kevin O'Brien, took no action to notify either the trial judge or opposing counsel of the voluntary dismissal prior to trial.  Thus, when the case was called for trial on the morning of June 9, 2011, both the trial judge and opposing counsel, Charles Bluestone, expected to proceed.  They did not, however, due to O'Brien's absence.  As the trial court was unaware of the voluntary dismissal, the trial court dismissed the case with prejudice.

{¶ 6}   In the June 9, 2011 judgment memorializing the dismissal, the trial court also stated that "[d]efendant [a]ttorney Charles Bluestone to file formal requests for sanctions against plaintiff's attorney, Kevin O'Brien, within 14 days.  Plaintiff's attorney, Kevin O'Brien, has 14 days to respond.  Thereafter, a hearing date will be set."  (R. 19.) Within the specified 14-day period, Guttermaster moved for sanctions against O'Brien under Civ.R. 11 and R.C. 2323.51.  Rather than assert a substantive response, O'Brien moved for an extension of time to file a memorandum contra.  The trial court never ruled on that motion, and O'Brien never submitted a written response to Guttermaster's motion for sanctions.

{¶ 7}   On July 7, 2011, Columbus Checkcashers refiled its complaint against Guttermaster and Willis.  This second case, case No. 2011 CVF 25377, was assigned to the

---

[1] Actually, the complaint misstates the law.  R.C. 1302.54 applies to drawers and R.C. 1302.55 applies to indorsers.  Thus, R.C. 1302.54 governs only Guttermaster's liability, not Willis' liability.

same trial judge as the first case, case No. 2011 CVF 162. Guttermaster answered the complaint and re-asserted its cross-claim against Willis.

{¶ 8} Soon after filing its complaint, Columbus Checkcashers filed an affidavit of disqualification seeking the removal of the trial judge. Columbus Checkcashers also filed a virtually identical affidavit of disqualification in the first case.

{¶ 9} According to R.C. 2701.031(C)(1), upon the filing of an affidavit of disqualification, the municipal court clerk must enter the fact of the filing on the case docket and provide notice of the filing to the presiding judge of the common pleas court of the county or, if there is no presiding judge, a judge of the common pleas court of the county. Here, the Franklin County Municipal Court Clerk of Courts ("Clerk") did not comply with R.C. 2701.031(C)(1). The Clerk, instead, submitted the affidavits of disqualification to the trial judge. The trial judge reviewed the affidavits and issued entries in which he refused to disqualify himself in either matter.

{¶ 10} The trial court designated December 2, 2011 as the date on which it would hold a motion hearing in the first case and trial in the second case. Prior to December 2, 2011, Guttermaster filed a motion to compel in the second case, alleging that Columbus Checkcashers had not provided responses to its discovery requests. Therefore, on December 2, 2011, the trial court conducted a hearing on two pending motions: Guttermaster's motion for sanctions in the first case and Guttermaster's motion to compel in the second case. The trial court then proceeded with trial on the second case. During the trial, both Guttermaster and Columbus Checkcashers presented testimonial and documentary evidence.

{¶ 11} Over five months after the trial, the trial court realized that it had not properly handled the affidavits for disqualification. In an entry dated May 24, 2012, the trial court directed the Clerk to transfer the second case to the presiding judge of the Franklin County Court of Common Pleas for review. Although Columbus Checkcashers filed affidavits of disqualification in both cases, the trial court did not also order the transfer of the first case. In compliance with the May 24, 2012 entry, the Clerk transferred the second case only to the presiding judge.

{¶ 12} On November 29, 2012, the presiding judge issued a decision and entry finding no relationship, bias, prejudice, or any other grounds for disqualification. The presiding judge, therefore, denied the affidavit of disqualification. Despite the fact that

the presiding judge only had the record of the second case to review, he issued the November 29, 2012 decision and entry in the first case and not the second case.[2]

{¶ 13} On January 10, 2013, the trial court issued final judgments in both cases. As to the first case, the trial court sanctioned O'Brien under R.C. 2323.51 and ordered him to pay $597.50 in attorney fees. As to the second case, the trial court awarded judgment to Guttermaster. Additionally, the trial court granted Guttermaster's motion to compel and ordered O'Brien to pay $275 in attorney fees.[3]

{¶ 14} Columbus Checkcashers appeals both January 10, 2013 judgments, and it assigns the following errors:

> I. THE JUDGMENT IN FAVOR OF GUTTERMASTER AND AGAINST COLUMBUS CHECKCASHERS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II. THE COURT OF COMMON PLEAS ERRED IN OVERRULING APPELLANT'S MOTIONS FOR DISQUALIFICATION FILED UNDER SECTION 2701.031, R.C., IN VIOLATION OF APPELLANT'S SUBSTANTIVE DUE PROCESS RIGHTS.
>
> III. THE MUNICIPAL COURT ERRED IN SANCTIONING APPELLANT'S COUNSEL.

{¶ 15} Initially, we must address a jurisdictional issue raised in Columbus Checkcashers' third assignment of error. Columbus Checkcashers contends that, according to R.C. 2701.031(D)(1), the filing of affidavits of disqualification divested the trial judge of authority to preside in either case. Proceeding with the December 2, 2011 motion hearing and trial, therefore, was an unauthorized exercise of jurisdiction. Because the January 10, 2013 judgments rely on evidence and argument presented at that jurisdictionally unauthorized hearing and trial, Columbus Checkcashers argues that those judgments are invalid.

{¶ 16} Pursuant to R.C. 2701.031(D)(1):

---

[2] The November 29, 2012 decision and entry is entered only on the docket of the first case. Additionally, the decision and entry's caption displays the case number of the first case only.

[3] Both judgments also addressed Guttermaster's cross-claim against Willis. In the judgment resolving the first case, the trial court dismissed the cross-claim without prejudice. In the judgment resolving the second case, the trial court found that judgment in Guttermaster's favor rendered moot the contribution claim against Willis. Additionally, the trial court found that it did not have jurisdiction to rule on the trespass claim because Guttermaster had not achieved service of process on Willis.

> [I]f the clerk of the municipal or county court in which a proceeding is pending accepts an affidavit of disqualification for filing * * *, the affidavit deprives the judge of a municipal or county court against whom the affidavit was filed of any authority to preside in the proceeding until the [common pleas court] judge * * * rules on the affidavit * * *.

Although the Supreme Court of Ohio has not interpreted this provision, it has addressed a virtually identical provision found in R.C. 2701.03(D). R.C. 2701.03 sets forth the procedure by which a party may seek the disqualification of a common pleas court judge, while R.C. 2701.031 sets forth an analogous procedure for the disqualification of a municipal court judge. R.C. 2701.03(D)(1), like R.C. 2701.031(D)(1), deprives a judge against whom an affidavit of disqualification is pending "of any authority to preside in the proceeding" until a ruling on the affidavit is issued. Given the similarities between R.C. 2701.03 and 2701.031, we look to precedent interpreting R.C. 2701.03 for guidance in analyzing R.C. 2701.031.

{¶ 17} The Supreme Court of Ohio has determined that, under R.C. 2701.03(D)(1), the filing of an affidavit of disqualification "automatically divests the judge of jurisdiction to proceed until the matter is resolved." *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 57. Moreover, in *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 299 (1998), the Supreme Court found that a common pleas court judge patently and unambiguously lacked jurisdiction to proceed in the case, in part, because one of the parties had filed an affidavit of disqualification against the judge. The court issued a writ of prohibition precluding the judge from proceeding, and it ruled that all the orders issued by the judge after the filing of the affidavit were void. *Id.* at 300. Extrapolating from the holdings of *Myers* and *Stern*, we conclude that, under R.C. 2701.031(D), the filing of an affidavit of disqualification deprives a municipal court judge against whom the affidavit is filed of jurisdiction to proceed until a common pleas court judge rules on the affidavit.

{¶ 18} R.C. 2701.031(D) provides one potentially applicable exception to the prohibition against proceeding after the filing of an affidavit of disqualification. According to R.C. 2701.031(D)(3), "[a] judge of a municipal or county court against whom an affidavit of disqualification has been filed * * * may determine a matter that does not affect a substantial right of any of the parties." This same exception, applicable to common pleas court judges, is in R.C. 2701.03(D)(3). Interpreting that provision, the

Supreme Court of Ohio has held that the exception allows a judge to undertake ministerial acts during the pendency of an affidavit of disqualification. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 317 (2000); *Stern* at 299. Based on that precedent, we conclude that R.C. 2701.031(D)(3) excepts ministerial acts from the general prohibition against proceeding while an affidavit of disqualification is undecided. Ministerial acts are those performed in obedience to the mandate of legal authority, without the exercise of discretion, judgment, or skill. *In re Seltzer*, 67 Ohio St.3d 220, 223-24 (1993); *Black's Law Dictionary* (9th Ed.2009).

{¶ 19} Here, Columbus Checkcashers filed affidavits of disqualification on August 29, 2011 (in the first case) and September 1, 2011 (in the second case). With the filing of those affidavits, the trial judge lost the ability to do anything other than perform ministerial acts. Instead of staying both cases so the presiding judge of the common pleas court could decide the disqualification issue, the trial judge denied the affidavits himself and went ahead with the December 2, 2011 motion hearing and trial. Under R.C. 3107.031(D)(1), a municipal court judge does not recover jurisdiction until the presiding judge rules on the affidavit of disqualification. The trial judge's denial of the affidavits, therefore, did nothing to alleviate the jurisdictional limitation imposed by R.C. 3107.031(D)(1).

{¶ 20} Later, the trial judge recognized that he could not rule on the affidavits; R.C. 3107.031(E) bestows that power exclusively on the presiding judge of the common pleas court or, in the absence of a presiding judge, a judge of the common pleas court. The trial judge attempted to rectify the situation through the May 24, 2012 entry. That entry, however, only transferred the second case to the presiding judge. Then, although the presiding judge only had the record of the second case to review, he issued his denial of the affidavit solely in the first case.

{¶ 21} R.C. 3107.031 restricts the jurisdiction of a municipal court judge during the period between the filing of an affidavit of disqualification and the presiding judge's ruling on that affidavit. Thus, the submittal of only one affidavit of disqualification to the presiding judge and the entry of the ruling in the wrong case constitute errors that impact the trial judge's jurisdiction in both cases. We must determine the scope of that impact.

{¶ 22} With regard to first case, the presiding judge never received or reviewed the record, but he issued his ruling on the affidavit of disqualification in that case. We

conclude that the trial judge reacquired jurisdiction over the first case when the presiding judge entered the denial of the affidavit of disqualification on the record of that case. We would not have reached this conclusion had the affidavit in the first case differed from the affidavit filed in the second case. Because the affidavits mirror each other, the presiding judge could decide the disqualification issue presented in the first case, even though he only had before him the affidavit from the second case.

{¶ 23} Although the trial judge regained jurisdiction over the first case, he did so after conducting a hearing on the motion for sanctions that Guttermaster filed in that case. The trial judge would only have had jurisdiction to proceed with that motion hearing if the holding of such a hearing constitutes a ministerial act. *Kreps*, 88 Ohio St.3d at 317; *Stern* at 299.

{¶ 24} During the December 2, 2011 hearing, the trial court allowed both Columbus Checkcashers and Guttermaster to present argument regarding the motion for sanctions. The trial court asked no substantive questions regarding that motion and announced no decision. In essence, the trial court merely allowed the parties to present orally what they had already argued or could have argued in a written filing. Given the substance of the hearing held in this case, we conclude that holding the hearing was merely a ministerial act. *See Evans v. Dayton Newspapers, Inc.*, 57 Ohio App.3d 57, 58 (2d Dist.1989) (conducting a pretrial conference is nothing more than a ministerial act). The trial judge, therefore, did not exceed his jurisdiction in holding the hearing. Consequently, the trial judge's later reliance on the content of that hearing in the January 10, 2013 judgment does not invalidate that judgment.

{¶ 25} Next, we must determine the extent of the trial judge's jurisdiction over the second case. With regard to the second case, the presiding judge received the affidavit of disqualification filed in that case, but he never entered any ruling on that affidavit. Because the record contains no ruling on the affidavit of disqualification, we conclude that the trial judge never regained jurisdiction to proceed in that case. This conclusion arguably elevates form over substance. After all, since Columbus Checkcashers submitted virtually identical affidavits of disqualification, a denial in one case presages a denial in the second. We, however, cannot interpose into the record a decision and entry that does not exist. R.C. 2701.031(D)(1) premises the recovery of jurisdiction on a ruling by a common pleas court judge. As no such ruling exists in the second case, the trial judge

never reacquired jurisdiction over the second case. Consequently, the January 10, 2013 judgment entered in the second case is invalid.

{¶ 26} Moreover, the judgment on the merits of the second case would remain invalid even if we presumed that the presiding judge issued a disqualification ruling in that case. The trial judge conducted a trial on Columbus Checkcashers' complaint while the affidavit of disqualification was pending. The validity of the January 10, 2013 judgment, which resolved issues litigated in the trial, turns on whether the trial court had jurisdiction to conduct the trial. The trial judge would only have had the necessary jurisdiction if holding a trial is a ministerial act. *Kreps* at 317; *Stern*, 81 Ohio St.3d at 299.

{¶ 27} *Batson v. Batson*, 12th Dist. No. CA87-05-005 (Jan. 25, 1988), guides our analysis of this issue. In *Batson*, while an affidavit for disqualification was pending, the common pleas court judge against whom the affidavit was filed conducted a trial. The day after the chief justice of the Supreme Court of Ohio rejected the affidavit, the common pleas court judge issued a judgment deciding matters litigated at the trial. Soon thereafter, the common pleas court judge lost her bid for re-election, and a new judge took office. The party who had unsuccessfully sought the previous judge's disqualification moved for a new trial, and the new judge granted that motion. On appeal of the judgment granting the new trial, the Twelfth District Court of Appeals held that the previous judge was without authority to conduct a trial during the period in which the disqualification issue was undecided. Thus, the court concluded, the previous judge's judgment, which resolved issues litigated at trial, was invalid.[4]

{¶ 28} Although the details differ, the scenario in *Batson* matches the one here. We agree with the *Batson* court that the holding of a trial is a not ministerial act that a trial judge may perform during the pendency of an affidavit of disqualification. Overseeing a trial requires a judge to employ discretion, judgment, and skill, thus excluding it from the realm of ministerial acts. Thus, like the judgment in *Batson*, the

---

[4] *Batson* was decided prior to the adoption of the current version of R.C. 2701.03 in 1996 S.B. No. 263, effective November 20, 1996. Nevertheless, *Batson* followed a court-created rule that mirrored the law codified in current R.C. 2701.03. Under that rule, after the filing of an affidavit of disqualification, " 'the judge [was] without authority to determine the cause or hear any matter affecting the substantial rights of the parties.' " *Id.*; quoting *Tumbelson v. Noble*, 109 Ohio App. 242, 244 (2d Dist.1959); *accord State ex rel. Lomaz v. Court of Common Pleas of Portage Cty.*, 36 Ohio St.3d 209, 210 (1988), fn. 2.

judgment here would be invalid to the extent that it decided the merits of claims litigated at a trial that the trial judge did not have the authority to hold.

{¶ 29} In sum, we conclude that the trial judge lacked jurisdiction to issue the January 10, 2013 judgment in the second case. That judgment, therefore, is invalid and must be reversed. To the extent the third assignment of error challenges the validity of that judgment, we sustain that assignment of error. This ruling renders moot Columbus Checkcashers' first assignment of error, which challenges the merits of the invalid judgment.

{¶ 30} We also conclude that the trial court possessed the necessary jurisdiction to hold a motion hearing and issue the January 10, 2013 judgment in the first case. Consequently, we overrule Columbus Checkcashers' third assignment of error to the extent that it challenges the judgment in the first case.

{¶ 31} By its second assignment of error, Columbus Checkcashers questions whether the procedures employed by the presiding judge to decide the affidavit of disqualification meet the requirements of due process. "A state's procedure for the recusal of judges 'is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked fundamental.' " *Cicchini v. Blackwell*, 127 Fed.Appx. 187, 191 (6th Cir.2005), quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820 (1986); *accord Bland v. Graves*, 99 Ohio App.3d 123, 125 (9th Dist.1994) (finding the procedure set forth in the pre-1996 amendment R.C. 2701.03 constitutionally adequate). Here, Columbus Checkcashers fails to identify any defect in procedure that is so offensive that it violates a fundamental principle of justice. Accordingly, we overrule Columbus Checkcashers' second assignment of error.

{¶ 32} By the remainder of its third assignment of error, Columbus Checkcashers argues that the trial judge should have recused himself. We lack the authority to decide that matter.

{¶ 33} R.C. 2701.031 provides the exclusive means by which a litigant may claim that a municipal court judge is unduly interested, biased, or prejudiced. *Clemons v. Hafner*, 7th Dist. No. 04 MA 162, 2005-Ohio-4503, ¶ 21; *Graham v. Audio Clinic*, 3d Dist. No. 5-04-35, 2005-Ohio-1088, ¶ 12; *Ebbets Partners Ltd. v. Day*, 2d Dist. No. 19748, 2003-Ohio-4425, ¶ 20; *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 17 (9th

Dist.).  R.C. 2701.031(E) vests the presiding judge or a judge of the common pleas court with the sole authority to determine whether a municipal court judge's interest, bias, prejudice, or disqualification requires removal of the municipal court judge from a case. Courts of appeal, therefore, have no authority to render a decision with regard to disqualification or to reverse a trial court's judgment on an appellant's claim of interest, bias, or prejudice.  *State v. Jones*, 11th Dist. No. 2008-P-0018, 2008-Ohio-6994, ¶ 16; *State v. Nichols*, 4th Dist. No. 07CA3183, 2008-Ohio-3324, ¶ 12; *Clemons* at ¶ 21; *Graham* at ¶ 14; *Day* at ¶ 21; *Hunter* at ¶ 18, 21.  Accordingly, we dismiss the remainder of Columbus Checkcashers' third assignment of error.

{¶ 34} For the foregoing reasons, we find Columbus Checkcashers' first assignment of error moot; we overrule the second assignment of error; and we sustain in part, overrule in part, and dismiss in part the third assignment of error.  We affirm the January 10, 2013 judgment issued in case No. 2011 CVF 162, and we reverse the January 10, 2013 judgment in case No. 2011 CVF 25377.  We remand case No. 2011 CVF 25377 to the Franklin County Municipal Court.  On remand, no substantive proceedings may commence unless and until the presiding judge of the Franklin County Court of Common Pleas issues a ruling in that case denying the affidavit of disqualification.

*Judgment in case No. 2011 CVF 162 affirmed;*
*Judgment in case No. 2011 CVF 25377 reversed;*
*Case No. 2011 CVF 25377 remanded with instructions.*

BROWN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District,
assigned to active duty under authority of Ohio Constitution,
Article IV, Section 6(C).