ALLISON, APPELLEE, *v.* BRAUNLIN ET AL., APPELLANTS.

(No. 6478—Decided May 9, 1961.)

*Mr. Fred M. Campbell,* for appellee.
*Mr. John H. Summers,* for appellants.

BRYANT, J. This is an appeal from the Columbus Municipal Court. In that court, Grace J. Allison, plaintiff-appellee, brought an action against William H. Braunlin and his wife, defendants-appellants. The petition set forth separate causes of action in forcible entry and detainer, and also for a money judgment for use and occupancy of the premises in question.

The petition was filed on May 3, 1960, and the case was set for May 10, 1960, on which day plaintiff below was in court, but the defendants below did not appear. The trial court gave judgment by default in favor of plaintiff on both causes of action ordering plaintiff to be put in possession and $500 damages for use and occupancy and for cost.

The court has been informed that defendants have moved out of the premises in question, rendering the appeal moot as to the first cause of action.

That leaves only that part of the appeal relating to the judgment for $500 just above referred to arising under the second cause of action. The record shows that two days after the default judgment was entered, counsel for defendant moved to set it aside and asked permission to present a defense, which was refused. On appeal to this court, the single assignment of error is that the judgment of the court below "is against the manifest weight of the evidence and therefore is contrary to law."

While the principal argument stressed in the appeal relates to the claim of the defendants that they did not receive the summons, which was claimed to have been mailed to them, the record discloses that the summons failed to set forth, by endorsement, the amount of money for which judgment would be taken, if defendant fails to appear.

Section 2703.02 of the Revised Code relates to the praecipe for service of summons required to be filed by the plaintiff and requires that the amount for which judgment is asked shall be set forth, providing: "and if it is for the recovery of money only, the amount for which judgment is asked, * * *."

Section 2703.03 of the Revised Code provides that the amount set forth in the praecipe must be endorsed on the summons, and in case defendant fails to appear, judgment shall not be taken for a greater amount.

Section 2703.03, *supra*, provides in part as follows:

"When the action is for the recovery of money only, there must be endorsed on the writ the amount stated in the praecipe, for which, with interest, judgment will be taken if the defendant fails to answer. If the defendant fails to appear, judgment shall not be rendered for a larger amount than the amount prayed for and the costs."

The summons in this case was a printed form which provided a space for filling in the amount of money for which judgment would be taken if the defendants failed to answer, but no amount was inserted and this part of the summons reads as follows: "$....as per petition ...... damages, etc." The

evidence does not show that a copy of the petition was mailed with the summons.

Inasmuch as the statute requires that the amount for which judgment is asked shall be endorsed on the summons and this was not done, it follows that the judgment, which was rendered, was not authorized and must be set aside. It is therefore our opinion that the judgment of the court below must be reversed and set aside and the cause remanded for further proceedings in accordance with law.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.