OPINION
{¶ 1} Defendant-appellant Wayne Link appeals the September 13, 2004 Judgment Entry entered by the Mount Vernon Municipal Court, which issued a writ of restitution in favor of plaintiff-appellee Vokes Property.[1]
 STATEMENT OF THE CASE {¶ 2} On August 20, 2004, appellee filed a Complaint for Forcible Entry and Detainer against appellant for rent due on property leased to appellant on a week to week tenancy from appellee. Appellant was served with a summons on August 21, 2004, which notified him of the September 13, 2004 hearing on the complaint. Appellant appeared for the hearing unrepresented by counsel. Via Judgment Entry filed September 13, 2004, the trial court issued a writ of restitution with an eviction date of September 20, 2004. In a handwritten notation at the bottom of the judgment entry, the trial court indicated appellant's motion for stay was overruled. The bailiff executed the writ of restitution on September 13, 2004, at 4:09 p.m.
 {¶ 3} Appellant filed a Notice of Appeal on September 16, 2004. On the same day, appellant filed a Complaint for Writ of Prohibition in this Court. Via Judgment Entry filed September 22, 2004, this Court denied appellant's request for relief.
 {¶ 4} Appellant raises as his sole assignment of error:
 {¶ 5} "I. The trial court erred by not requiring the plaintiff-Appellee to provide a 30 notice, in addition to the three day notice, as a condition upon which it should grant the plaintiff-appellee's request for eviction."
 {¶ 6} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 7} "(E) Determination and judgment on appeal.
 {¶ 8} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 9} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 10} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 11} We need not reach the merits of appellant's assignment of error. The record establishes the writ of restitution was executed on September 13, 2004, at 4:09 p.m. Accordingly, we find the issue to be moot.
 {¶ 12} Appellant's sole assignment of error is overruled.
Wise, J., Hoffman, P.J., and, Farmer, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is ordered dismissed. Costs assessed to appellant.
[1] Appellee did not file a brief with this Court.