{¶ 1} Cyndi Johnson ("Tenant") appeals twice from separate judgments of the Athens County Municipal Court in favor of Rocco Valente ("Landlord") upon his first cause of action for forcible entry and detainer and summary eviction, and on his second cause of action for money damages for lost rent. The court dismissed Tenant's counterclaims. On appeal, Tenant contends that the trial court erred for various reasons when it granted judgment in favor of Landlord on his first cause of action. Because Tenant did not perfect a stay of execution and because she was ousted from the premises as a result of the execution of the writ of restitution, we find her arguments moot. In regard to Landlord's second cause of action and the dismissal of her *Page 2 
counterclaims, Tenant first contends that the trial court erred when it denied her motion to proceed informa pauperis because the court denied her a jury trial when she could not afford the required jury deposit of $510. Because Tenant waived her right to a jury trial when she failed to appear for trial, we disagree. Tenant next contends that the trial court erred when it proceeded with the final hearing because she filed a motion to change or substitute judges on the morning of trial. Because the common pleas judge promptly ruled on her motion before the trial commenced and denied it as untimely pursuant to R.C.2701.031, we disagree. Tenant finally contends that the language of the court's judgment entry demonstrates prejudice toward her. Because we have no authority to render a decision with regard to a trial court's judgment on the basis of personal bias or prejudice of the judge, we decline to address this issue. Accordingly, we affirm the judgments of the trial court.
 I. {¶ 2} On August 9, 2006, Landlord filed a complaint in forcible entry and detainer and summary eviction against Tenant. Landlord's complaint also included a second cause of action seeking damages for unpaid rent. On August 10, 2006, the Athens County Municipal court scheduled the case for a trial on the first cause of action for August 22, 2006. On August 14, 2006, Tenant filed an answer to the complaint along with counterclaims. Tenant admitted that Landlord owned the subject premises on 15 South Shafer Street, University Commons, Unit 506, Athens, Ohio. Tenant further admitted that she occupied the premises under a sublease since November 2005.
 {¶ 3} In her counterclaims, she asserted that Landlord's eviction action was a retaliatory response to a complaint she filed with H.U.D. She also asserted claims of *Page 3 
discrimination and intentional infliction of emotional distress. On August 15, 2006, Tenant filed a motion for a continuance of the August 22, 2006 hearing, alleging that she wanted representation in the matter and had not had an opportunity to meet with an attorney. Landlord opposed the continuance on the ground that a swift eviction was necessary. On August 17, 2006, the trial court denied Tenant's motion for a continuance.
 {¶ 4} On August 17, 2006, Tenant filed a memorandum to set the matter for trial, wherein she represented that she was making no demand for a jury trial. However, on August 18, 2006, Tenant filed a "Demand for Jury," along with an affidavit stating that she did not have sufficient funds to pay the required jury deposit of $510.
 {¶ 5} On August 21, 2006, Tenant filed a motion to proceed in forma pauperis. On that same date, the trial court filed a journal entry, wherein it stated that the deposit required by R.C. 1901.26(A)(3), R.C.1923.101, Loc.R. 6(B) and Loc.R. 12(D)(3)(c), was $510. In addition, the entry provided that Tenant had until August 28, 2006 to deposit $510 with the court for the requested jury and that failure to do so would result in a bench trial going forward on August 29, 2006. The entry also provided that the court would continue the trial until September 14, 2006, if Tenant deposited the $510.
 {¶ 6} On August 28, 2006, the court held a pretrial conference and took testimony from Tenant regarding her motion to proceed in forma pauperis. The court then denied her motion finding that she had $1,850 in student financial aid money at her disposal, and thus, had sufficient funds to pay the $510 jury deposit. Tenant testified that the $1,850 in student financial aid was money that she attempted to use for her July, 2006 rent payment but that Landlord refused that payment. *Page 4 
 {¶ 7} On August 29, 2006, Tenant filed a motion to "change" judges. According to Tenant, the actions taken by the trial judge in the case "demonstrate[d] that a fair trial can not be had." Tenant asserted in her affidavit that she had "cause to believe and do believe that on account of bias, prejudice or interest of the judge * * * [she] can not obtain a fair and impartial trial * * *." On August 29, 2006, the presiding judge of the common pleas court denied Tenant's motion because Tenant untimely filed it (she filed it on the day of trial) and because it failed to set forth specific allegations and facts in support as required by R.C. 2701.031(B) (1 ).
 {¶ 8} The case then went to trial before the court on Landlord's first cause of action (forcible entry and detainer) without a jury on August 29, 2006. Tenant came to the trial without an attorney.
 {¶ 9} No transcript of the trial is before this court for review. Tenant asserts in her brief that she refused to participate in the trial because she felt that the court violated her rights. The court's subsequent entry states that Tenant was present, chose not to present evidence on her behalf, and further refused to be called by Landlord on cross-examination.
 {¶ 10} Following the bench trial, the court set forth the facts it determined at trial as follows: Tenant occupied unit 506 of University Commons pursuant to a sublease from another tenant; the sublease had a term of November 6, 2005 through August 1, 2006; that a possible extension of the lease could be obtained if proof was given to Landlord showing that Tenant was attending the second session of the summer quarter at Ohio University; that no such proof was given; that Tenant's execution of a proposed lease for the 2006-2007 school year was deficient because it was not signed by a co-signer *Page 5 
as required by Landlord; that Tenant was late in making rental payments on April 15, 2006 and that a Notice to Leave the Premises was served on Tenant on May 9, 2006, noting the non-payment of rent; Landlord signed a lease on May 22, 2006, leasing unit 506 to a new tenant with a lease term of September 4, 2006 through August 1, 2007 for a total of $7,500; that Landlord sent Tenant a letter on May 22, 2006, stating that Landlord would not re-lease property to Tenant for the 2006-2007 school year due to Tenant's failure to provide a co-signer and due to the late payment of rent due April 15, 2006; that Tenant was served with a Notice to Leave Premises on August 22, 2006, noting the end of the lease term; that Tenant did not vacate; and that Tenant remained on the premises.
 {¶ 11} The trial court held that Tenant's sublease expired on August 1, 2006; that no extension of that lease occurred; that there was no new lease entered into with Tenant; Tenant presented no evidence to support her counterclaims and no evidence in defense of the case; that Tenant refused to be called as on cross-examination; that the eviction was not based on retaliation of Tenant's H.U.D. complaint because notice of intent not to lease to Tenant predated that complaint; and that Tenant's assertion of non-compliance with Ohio's Landlord Tenant Law did not state a cause of action. The court then ordered judgment in favor of Landlord and ordered that the unit be restored to Landlord effective 12:00 p.m., August 30, 2006.
 {¶ 12} Following the trial on Landlord's first cause of action for forcible entry and detainer, the trial court scheduled a bench trial for Landlord's second cause of action and Tenant's counterclaims for September 21, 2006. *Page 6 
 {¶ 13} On August 30, 2006, Tenant filed a motion for a stay of execution, a motion to amend the trial court's decision and judgment and a motion for a new trial and change of venue. On that same date, the trial court issued its writ of restitution. The court also conditionally granted Tenant's motion to stay execution provided that Tenant post the appropriate bond before 4:15 p.m. on August 31, 2006. Tenant failed to post the bond. Notes of the execution of the writ were filed on the docket. Those notes indicate that the writ of restitution was executed on August 31, 2006, at 4:45 p.m., after Tenant failed to post the bond necessary to stay execution of the writ of restitution.
 {¶ 14} On August 31, 2006, Tenant filed a notice of appeal from the trial court's August 30, 2006 judgment entry granting Landlord's cause of action for forcible entry and detainer. Tenant also requested this court to stay the execution of the writ. That appeal is case number 06CA31. This court denied Tenant's motion to stay execution because the trial court already granted her motion and because she failed to post any bond as ordered by the trial court.
 {¶ 15} On September 21, 2006, the day set for trial on Landlord's second cause of action and Tenant's counterclaims, Tenant filed another motion requesting a change of the judge on the ground that she filed a lawsuit in U.S. District Court against the trial judge as a result of his actions and orders in this matter. The presiding judge of the common pleas court overruled her second motion to disqualify the trial judge on September 21, 2006, immediately before trial commenced.
 {¶ 16} Tenant did not appear at the September 21, 2006 trial. Regardless, Landlord presented evidence to the court. Following trial, the court entered judgment in favor of *Page 7 
Landlord in the amount of $1,629.75 and dismissed Tenant's counterclaims. The court set forth its order in its September 22, 2006, judgment entry.
 {¶ 17} On October 2, 2006, Tenant filed a notice of appeal from the September 22, 2006 judgment entry. That second appeal is case number 06CA38. On October 18, 2006, we consolidated both appeals.
 {¶ 18} On appeal, Tenant does not present this court with any assignments of error as required by App.R. 16(A)(3). Instead, Tenant sets forth four issues. Because Tenant failed to comply with the appellate rules, we could summarily dismiss her two appeals on this basis alone. See, e.g., State v. Peoples, Miami App. No. 2005CA20,2006-Ohio-4162, ¶ 24. However, in the interests of justice, we construe her issues as assignments of error, which are: I. "Whether the trial court erred when it denied [Tenant's] Motion to Proceed Informa Pauperis." II. "Whether the trial court erred when it denied [Tenant's] jury demand." III. "Whether the trial court erred when it proceeded with the September 21, 2006 2nd cause (sic) hearing." And, IV. "Whether the trial court demonstrated prejudice toward [Tenant] in the language of its journal entry dated September 22, 2006."
 II. {¶ 19} Tenant's assignments of error relate to Landlord's first and second causes of action as well as her counterclaims. For purposes of clarity, we separate her arguments. To the extent Tenant's four assignments of error involve Landlord's first cause of action, i.e., Tenant's first appeal, we find them moot.
 {¶ 20} A number of Ohio courts hold that where no stay of execution is perfected and Tenant is ousted as a result of execution of the writ of restitution, any appeal *Page 8 
thereafter is moot. AVB Properties, L.L.C. v. Chester, Lorain App. No. 05CA008702, ¶¶ 15-16, 2006-Ohio-4306, appeal not accepted for review,108 Ohio St. 3d 1437 (holding that where no stay of execution is perfected and Tenant is ousted by execution of the writ, the appeal of the forcible entry and detainer action is moot); Vokes Properties v.Link, Knox App. No. 04CA000023, 2005-Ohio-218, ¶ 11; Cramblett v.Wright, Coshocton App. No. 2004-CA-19, 2005-Ohio-6109 (holding that "where an appellant does not secure a stay of execution and has vacated the premises, the appeal from an eviction order is moot"); see, also,Long v. MacDonald, Crawford App. No. 3-02-10, 2002-Ohio-4693.
 {¶ 21} The reasoning for the above rule is that a forcible entry and detainer action "is brought by a plaintiff out of possession for the purposes of ousting a defendant in possession and having the premises delivered to plaintiff." Chesler at ¶ 15, citing Crossing Dev. LP v.H.O.T., Inc. (1994), 96 Ohio App.3d 475. Once the plaintiff regains possession of the leased premises, an action in forcible entry and detainer is no longer necessary. Thus, "when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff * * * the issues [brought by defendant on appeal] are rendered moot." Id.
 {¶ 22} Here, Tenant did seek a stay of execution, but failed to perfect it by posting the required bond. Because she did not perfect a stay of the writ of restitution, it was executed on August 31, 2006, causing Tenant's ouster from the premises. Thus, her appeal of the forcible entry and detainer action is moot, and we need not consider it. Consequently, we overrule all four of Tenant's assignments of error to the extent that they involve Landlord's first cause of action. *Page 9 
 III. {¶ 23} We now address Tenant's first and second assignments of error as they relate to Landlord's second cause of action for money damages for lost rent and Tenant's counterclaims. She contends that the trial court denied Tenant her right to a jury trial when it denied her motion to proceed informa pauperis because she could not afford the $510 jury deposit. We do not address this issue because we find that Tenant waived her right to a jury trial.
 {¶ 24} Pursuant to Civ.R. 38(B), "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue." However, Civ.R. 39(A) provides that "[t]he failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court."
 {¶ 25} Here, Tenant filed an answer and later made a jury demand that included an affidavit indicating that she could not afford the $510 jury deposit. However, she failed to appear for the trial involving Landlord's second cause of action and her counterclaims. Thus, pursuant to Civ.R. 39(A), she waived her right to trial by jury.
 {¶ 26} Accordingly, we overrule Tenant's first and second assignments of error.
 IV. {¶ 27} We next address Tenant's third and fourth assignments of error as they relate to Landlord's second cause of action for money damages for lost rent and Tenant's counterclaims. Tenant contends that the trial court should not have proceeded with the *Page 10 
final hearing because she filed a motion asking for the judge's disqualification based on bias or prejudice. She maintains that the judgment entry filed the day after the hearing is evidence of the judge's bias or prejudice.
 {¶ 28} "Disqualification of a municipal court judge for reasons of prejudice or bias is controlled by R.C. 2701.031, which requires a party* * *seeking disqualification to file an affidavit setting forth the `specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations.'" State v. Davis, Ross App. No. 00CA2566, 2001-Ohio-2428. Thereafter, "[t]he clerk of the trial court is to enter the filing on the docket and then notify the court of common pleas to which the municipal court is inferior." Id. Upon acceptance of an affidavit under R.C. 2701.031(B) and (C), "the affidavit deprives the judge of a municipal court * * * against whom the affidavit was filed of any authority to preside in the proceeding until the [presiding judge of the court of common pleas or other judge of the court of common pleas] * * * rules on the affidavit * * *." R.C. 2701.031(D) (1 ).
 {¶ 29} As this court has noted, "[a] finding of bias or prejudice `implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" Davis, supra, citing State ex rel. Pratt v. Weygandt (1956),164 Ohio St. 463, paragraph four of the syllabus. "A trial judge is presumed not to be biased or prejudiced and the party alleging these deficiencies must set forth evidence to overcome the presumption of integrity." Id., citing Okocha v. Fehrenbacher (1995),101 Ohio App.3d 309, 322; State v. Wagner (1992), 80 Ohio App.3d 88, 93. *Page 11 
 {¶ 30} Here, Tenant filed her motion to "change" judges on the morning of trial for Landlord's second cause of action and her counterclaims. "R.C. 2701.031 * * * provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced."Clemons v. Hafner, Mahoning App. No. 04 MA 162, 2005-Ohio-4503, ¶ 21, citing State v. Hunter, 151 Ohio App.3d 276, 2002-Ohio-7326. Because Tenant filed her motion on the same day as trial, it did not meet the "seven calendar days before the day on which the next hearing * * * is scheduled" requirement of R.C. 2701.031(B), and should not have been accepted by the clerk of courts, pursuant to R.C. 2701.031(C)(2). Regardless, the common pleas judge found it was untimely. In addition, R.C. 2701.031(D)(2) permits the municipal court judge to proceed when it is not timely filed. Consequently, the trial court did not err when it proceeded with the hearing.
 {¶ 31} Tenant claims that we should look to the trial court's judgment entry filed the day after the trial for evidence of bias and prejudice. We must decline her invitation.
 {¶ 32} Appellate courts have "no authority to render a decision with regard to disqualification[.]" Clemons at ¶ 21, citing Nicolaci v.Littlejohn (1989), 55 Ohio App.3d 147, 148. Further, appellate courts have no authority "to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge."Clemons at ¶ 21, citing Beer v. Griffith (1978), 54 Ohio St.2d 440,441-442 ("holding that the court of appeals was without authority to pass upon disqualification or to void the judgment of the trial court even if the judgment was erroneous"); State v. Greer (Oct. 28, 1992), Summit App. No. 15217, at 18-19; Holloway v. Holloway Sportswear,Inc., Shelby App. *Page 12 
Nos. 17-98-20 and 17-2000-18, at 8-9. Thus, "[b]ecause we have no authority over this claim, we must disregard this portion of [Defendant's] appeal." demons at ¶ 22.
 {¶ 33} Accordingly, we overrule Tenant's third and fourth assignments of error.
 V. {¶ 34} In conclusion, we overrule all four of Tenant's assignments of error and affirm the judgment of the trial court.
 JUDGMENTS AFFIRMED. *Page 13 
 JUDGMENT ENTRY It is ordered that the JUDGMENTS BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Harsha, J.: Concur in Judgment Only. *Page 1