[Cite as *Mountaineer Invests., L.L.C. v. Performance Home Buyers, L.L.C.*, 2011-Ohio-3614.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MOUNTAINEER INVESTMENTS, LLC          :

    Plaintiff-Appellee          :          C.A. CASE NO.    24173

v.          :          T.C. NO.    07CV4319

PERFORMANCE HOME BUYERS, LLC,          :          (Civil appeal from
et al.          Common Pleas Court)

    Defendants-Appellants          :

                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     22nd     day of     July     , 2011.

. . . . . . . . . .

JEFFREY S. ROUTH, Atty. Reg. No. 0042140, 407 Vine Street, Suite 184, Cincinnati, Ohio 45202
    Attorney for Plaintiff-Appellee

EDWARD and JEWELL JONES, 1439 Shaftesbury Road, Dayton, Ohio 45406
    Defendants-Appellants

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Edward and Jewell Jones, pro se, appeal from an order of the Montgomery County Court of Common Pleas, which denied their motion to vacate the court's confirmation of the sale of their residence and writs of restitution.   For the following

reasons, the Joneses' appeal from the denial of their motion to vacate the confirmation of sale is dismissed for lack of a final appealable order. Their appeal from the denial of their motion to vacate the writs of restitution is dismissed as moot.

I

{¶ 2} Mountaineer Investments, LLC ("Mountaineer") is the owner of more than 30 notes and mortgages relating to properties owned by Performance Home Buyers, LLC ("Performance"). Performance defaulted, prompting Mountaineer to file an action for judgment on the notes. *Mountaineer Invest., LLC v. Performance Home Buyers, LLC*, Montgomery C.P. No. 2007 CV 2317. In March 2007, Mountaineer received a judgment in its favor on the notes. Two months later, in May 2007, Mountaineer filed this action against Performance, seeking foreclosure of the mortgages and the sale of 18 properties for which it had received a monetary judgment.

{¶ 3} One of the properties at issue in Mountaineer's actions against Performance was 4905 Porterfield Drive, the residence of Edward and Jewell Jones. The Joneses were not parties to the actions on the notes or for foreclosure. The Joneses believed, however, that they had a valid land installment contract with Performance to purchase the Porterfield property.

{¶ 4} After the trial court granted a judgment and decree of foreclosure to Mountaineer, ordered the property sold, and confirmed the sale of the property, the court issued a writ of restitution, and the Joneses were served with eviction papers. The Joneses were also subject to a writ of restitution granted by the Montgomery County Municipal Court in a separate forcible entry and detainer action filed by Mountaineer against the

Joneses. The Joneses counterclaimed in the Municipal Court action, the case was transferred to Common Pleas Court, and the foreclosure action and the forcible entry and detainer action were consolidated.

{¶ 5} Thereafter, the Joneses filed a motion to vacate the sale of the property and the writs of restitution, arguing that they were purchasing the property under a land installment contract and were not renters of the property. After a hearing on May 21, 2010, the trial court, pursuant to Civ.R. 60(B), denied the motion to vacate the court's orders and ordered the Joneses to vacate the premises immediately. The court noted that "Defendants have a counter claim currently pending in this Court that is not addressed herein." The Joneses appealed from the trial court's denial of their motion.

{¶ 6} On November 23, 2010, Mountaineer moved to dismiss this appeal on three grounds, including that the trial court's July 22, 2010 decision denying the motion to vacate was not a final appealable order. We denied the motion to dismiss on January 6, 2011, stating that a writ of restitution is a final appealable order and that the denial of a Civ.R. 60(B) motion is itself a final appealable order. However, on June 8, 2011, we remanded to the trial court the portion of this appeal concerning the denial of the motion to vacate the confirmation of sale. We stated that this portion of the trial court's decision was not a final appealable order due to unresolved counterclaims. We granted the trial court until June 30, 2011, to file a Civ.R. 54(B) certification, if that was the trial court's intention; to date, no Civ.R. 54(B) certification has been filed. We further noted that the portion of the trial court's decision regarding the writs of restitution was final and appealable and would be addressed separately.

II

**{¶ 7}** The Joneses raise three assignments of error on appeal, which are somewhat difficult to follow. In essence, they claim that the trial court erred in denying their motion to vacate the confirmation of sale and the writs of restitution, because they had a meritorious defense to the foreclosure action. They assert that they have rights to the Porterfield property "independent from any contract in the underlying proceedings." The Joneses further claim that the trial court should not have "effectively clos[ed] the proceedings" against them without first resolving their counterclaim. They assert that the court's failure to address their counterclaim constituted a denial of due process.

**{¶ 8}** We cannot address the Joneses' arguments concerning the confirmation of the sale of the Porterfield property. The confirmation of sale did not include Civ.R. 54(B) certification and, as we stated previously, claims remained pending in the trial court when the Joneses sought to vacate the confirmation of sale and the court ruled on that motion. As such, the Joneses' motion was, in essence, a motion to reconsider the confirmation of sale, and the denial of that motion was interlocutory. The trial court's denial of the Joneses' motion to vacate the confirmation of sale was not a final appealable order, and we lack jurisdiction to address it. Accordingly, the Joneses' appeal of the trial court's denial of their motion to vacate the confirmation of sale is dismissed for lack of a final appealable order.

**{¶ 9}** As for the Joneses' appeal from the trial court's denial of their motion to vacate the writs of restitution, we conclude that this issue is moot.

**{¶ 10}** "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'" *Goldstein v. Patel*, Lorain App. Nos.

02CA8183, 02CA8199, 2003-Ohio-4386, ¶4, quoting *Seventh Urban Inc. v. Univ. Circle Prop. Dev. Inc.* (1981), 67 Ohio St.2d 19, 25, n.11. "[O]nce the tenant has vacated the premises and the landlord has again taken possession, the merits of such action are rendered moot because no further type of relief can be granted in favor of the landlord." *Fast Prop. Solutions, Inc. v. Jurczenko*, Lake App. No. 2010-L-024, 2010-Ohio-5933, ¶3.

{¶ 11} "It is well settled that we may take judicial notice of post-appeal matters to resolve questions of mootness. *Townsend v. Antioch Univ.,* Greene App. No. 2008 CA 103, 2009-Ohio-2552, ¶8; see, also, *Hagerman v. City of Dayton* (1947), 147 Ohio St. 313, paragraph one of the syllabus ('When it has been brought to the attention of an appellate court that pending the appeal an event has occurred which renders moot one of the questions in the case pending before it, such appellate court need proceed no further with that part of the case which has become moot.'). To address an issue of mootness, an appellate court, acting sua sponte, 'may take judicial notice of facts generally known within its territorial jurisdiction or facts capable of accurate and ready determination by resort to sources whose accuracy reasonably cannot be questioned.' *Townsend* at ¶8." *Ussher v. Ussher*, Champaign App. No. 2009-CA-49, 2011-Ohio-1440, ¶7, fn.3. According to the trial court's docket, on August 5, 2010, the Joneses moved for a stay of the writ of restitution pending appeal of the denial of their motion to vacate. On August 11, 2010, the trial court granted the Joneses a temporary stay until August 17, 2010, indicating that it would "grant a stay pending appeal ONLY if the Jones[es] post a bond with the Clerk of Courts in the amount of $18,000.00 on or before August 17, 2010." (Capitals in original.) The trial court noted that the Joneses had not made any payments on the property for more than one year,

and their affidavit of indigency had indicated that they had been unemployed since January 2010. The court concluded: "If Edward or Jewell Jones does not post the $18,000.00 bond with the Clerk by August 17, 2010, the Court instructs the Montgomery County Sheriff's Office to forcibly remove them and their belongings beginning 8:00 a.m. Wednesday, August 18, 2010. No extensions will be granted."

{¶ 12} No bond was posted. On August 19, 2010, a return of writ was filed in the trial court. It therefore appears that the Joneses have vacated the property. Because the Joneses failed to obtain a stay of execution and were ejected pursuant to a writ of restitution, we find that their appeal from the writs of restitution is moot. See, e.g., *Valente v. Johnson*, Athens App. Nos. 06CA31, 06CA38, 2007-Ohio-2664 (finding appeal of forcible entry and detainer action moot where appellant failed to post the required bond to obtain a stay of the writ of restitution and was ousted from the premises).

### III

{¶ 13} The Joneses' appeal from the denial of their motion to vacate the sale of the Porterfield property will be dismissed for lack of a final appealable order.

{¶ 14} The Joneses' appeal from the denial of their motion to vacate the writs of restitution will be dismissed as moot.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Jeffrey S. Routh
Edward and Jewell Jones
Hon. Barbara P. Gorman, Administrative Judge
(trial judge - Hon. Michael T. Hall)