[Cite as *Dixon v. Anderson*, 2018-Ohio-2312.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


KRISTIN DIXON,                    :        APPEAL NO. C-170418
                                          TRIAL NO. 17CV-12430
     Plaintiff,               :

  vs.                             :        *O P I N I O N.*

TIFFANY ANDERSON,                :

    Defendant-Appellant.     :


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 15, 2018


*Legal Aid Society of Greater Cincinnati, Amanda Toole* and *Ashley Richardson Butler,* for Defendant-Appellant.

DETERS, Judge.

{¶1}   In this eviction action, defendant-appellant Tiffany Anderson appeals from the judgment of the Hamilton County Municipal Court issuing a writ of restitution of the leased premises in favor of the landlord, plaintiff Kristin Dixon.  We determine that the trial court erred in issuing the writ of restitution, because Anderson had voluntarily vacated the leased premises prior to the issuance of the trial court's writ, and therefore Dixon's forcible-entry-and-detainer claim was moot.

{¶2}   Dixon filed this eviction action against Anderson in June 2017.  The complaint alleged a forcible-entry-and-detainer claim, as well as claims for money damages.  The matter proceeded to trial before a magistrate.  Anderson testified that she planned to vacate the premises by June 30.  The magistrate nevertheless determined that Dixon should be granted a writ of restitution of the property.  Anderson filed objections to the magistrate's decision.  On June 30, the magistrate issued an order staying her decision contingent upon Anderson paying a bond by July 5.  On July 5, Anderson's counsel filed a notice of return of possession, stating that Anderson had vacated the leased premises.  Dixon did not file a response.  On July 13, the trial court issued a writ of restitution.  Anderson filed a timely appeal.

{¶3}   In a single assignment of error, Anderson argues that the trial court erred in granting Dixon a writ of restitution of the premises.

### Civ.R. 54(B) Inapplicable

{¶4}   As a jurisdictional matter, we note that although Dixon's damages claim remained pending at the time Anderson filed her notice of appeal, the trial court's issuance of a writ of restitution is a final, appealable order, despite the pending claim, because Civ.R. 54(B) is inapplicable in forcible-entry-and-detainer

proceedings. *See Cincinnati Metro. Hous. Auth. v. Brown*, 1st Dist. Hamilton No. C-120580, 2013-Ohio-4143, ¶ 6, citing *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (1981). Therefore, we have jurisdiction over Anderson's appeal. *See Brown* at ¶ 6.

### Forcible-Entry-and-Detainer Claim Was Moot

{¶5} In a forcible-entry-and-detainer action, when a tenant vacates a leased property, the issue of restitution of the property becomes moot. *See Schwab v. Lattimore*, 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 11 (1st Dist.); *Allison v. Braunlin*, 113 Ohio App. 511, 512, 179 N.E.2d 79 (10th Dist.1961); *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*, 96 Ohio App.3d 475, 480, 645 N.E.2d 159 (9th Dist.1994). This is because "[f]orcible entry and detainer actions decide the right to immediate possession of property and nothing else." *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693, ¶ 8; *see Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio-1602, 63 N.E.3d 752, ¶ 15 (10th Dist.) ("If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted.").

{¶6} In a case similar to the one at bar, the Second Appellate District reversed and vacated a trial court's judgment ordering a writ of restitution where the evidence showed that the tenant had vacated the property prior to the trial court issuing a writ of restitution. *See Richmond's Ent., Inc. v. Anderson*, 2d Dist. Montgomery No. 26674, 2016-Ohio-609. In *Richmond's Ent., Inc.*, the tenant had vacated the leased premises prior to the hearing before the magistrate, but after the

complaint had been filed, and the tenant moved to dismiss the forcible-entry-and-detainer claim as moot. The landlord opposed the motion to dismiss, because the tenant had returned the keys on the day of trial, thus the magistrate recommended issuance of the writ. The tenant filed objections and the trial court overruled the objections and issued the writ. In reversing the trial court's judgment, the appellate court determined that "[b]ecause the only issue in a forcible-entry-and-detainer action is the right to immediate possession of the premises, and [the landlord] admittedly had obtained possession prior to the hearing, there was nothing for the magistrate or the trial court to decide with regard to restitution of the premises. The issue was moot." *Id.* at ¶ 7.

{¶7} The record reflects that the writ of restitution in this case was not issued by the trial court until after Anderson had left the leased property. Although the magistrate had recommended issuance of a writ, the magistrate had ordered a stay of her decision until July 5. Anderson vacated the property, and notified the court of such on July 5. No evidence in the record contradicts these facts. Therefore, the trial court erred in entering the writ on July 13, because the forcible entry-and-detainer claim was moot.

## Conclusion

{¶8} In conclusion, we sustain Anderson's assignment of error. We reverse the trial court's judgment ordering a writ of restitution, and we remand the matter to the trial court to dismiss the forcible-entry-and-detainer claim in count 1 of Dixon's complaint.

Judgment accordingly.

MOCK, **P.J.**, and ZAYAS, **J.**, concur.

**Please note:**

The court has recorded its own entry on the date of the release of this opinion.