[Cite as *Willow Bend Apts. v. Koster*, 2026-Ohio-2417.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Willow Bend Apartments, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-831 |
| v. | : | (M.C. No. 2025 CVG 43113) |
| Warren Koster, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 25, 2026

**On brief:** *Cassone Law Offices LLC*, and *Michael J. Cassone*, for appellee.  **Argued:** *Michael J. Cassone*.

**On brief:** *Warren Koster*, pro se.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} In this forcible entry and detainer action, defendant-appellant Warren Koster appeals from a judgment of the Franklin County Municipal Court issuing a writ of restitution of premises in favor of the landlord, plaintiff-appellee Willow Bend Apartments ("Willow Bend").  For the reasons that follow, we dismiss the appeal as moot.

## I. Facts and Procedural History

{¶ 2} On August 25, 2025, Willow Bend filed a forcible entry and detainer complaint against Koster, requesting a writ of restitution of premises.  The complaint alleged that Koster had entered into a lease agreement with Willow Bend that required him, as lessee, to submit paperwork for income recertification and that Koster had failed to comply with that requirement which resulted in him being in default of the lease agreement.

{¶ 3} The matter proceeded to an eviction hearing before a magistrate and the magistrate determined that Willow Bend was entitled to judgment for restitution of the premises. The magistrate's decision was issued on October 7, 2025, and, on the same day, the trial court adopted the magistrate's decision.

{¶ 4} Following the court's decision, Koster filed a number of motions as well as a notice of appeal dated October 10, 2025. On October 14, 2025, the trial court issued a writ of restitution.

{¶ 5} On October 20, 2025, the trial court issued an entry staying the case pending Koster's appeal to this court. The entry noted that the same parties were involved in a litigation involving similar issues in Franklin County Municipal Court case No. 2024 CVG 32991 that was also stayed during the pendency of an associated appeal to this court in case No. 25AP-160. The court explained that its stay in the instant case was conditioned on Koster posting a bond in case No. 2024 CVG 32991 or the termination of the appeal in case No. 25AP-160.[1]

## II. Assignments of Error

{¶ 6} Koster assigns the following four assignments of error for our review:

[I.] The trial court erred in granting the writ of restitution where no good cause existed under federal LIHTC regulations and Ohio law, as recertification disputes do not warrant eviction.

[II.] The eviction action is retaliatory under ORC § 5321.02 and barred by res judicata/collateral estoppel due to the pending appeal on the identical issue (Case 25AP-160).

[III.] The landlord's 3-day notices (June 30 and August 2025) were defective under ORC § 1923.04, lacking specificity.

[IV.] The trial court erred in denying Appellant's counterclaims for breaches, damages, and injunction.

## III. Discussion

{¶ 7} As an initial matter, Willow Bend filed a motion to dismiss the appeal, arguing that the appeal is moot because Koster has vacated the residence at issue in this

---

[1] We take judicial notice of this court's docket in case No. 25AP-160 and observe that the appeal has terminated and the Supreme Court of Ohio has declined jurisdiction to review a further appeal.

forcible entry and detainer action and, therefore, the controversy between the parties is over. Willow Bend attached to its motion a copy of the writ of restitution of premises entered in Franklin County Municipal Court case No. 2024 CVG 32991 which contains a notation that set out was completed and appellee was restored with possession of the property on April 28, 2026.

{¶ 8} Koster did not respond to the motion to dismiss. However, on May 8, 2026, while this appeal was pending, Koster filed in the trial court a "motion for release and disbursement of bond," seeking the return of a bond payment he had posted on April 27, 2026.[2] In that motion, Koster stated that he no longer resides at the property and that the stay in the case for which the bond was posted was no longer necessary because he had been removed from the premises. The trial court granted the motion and disbursed the bond.

{¶ 9} When a tenant vacates a leased property during a forcible entry and detainer action, the issue of restitution of the property becomes moot because the purpose of a judgment in such an action is to determine the right to immediate possession of the property. *See Dixon v. Anderson*, 2018-Ohio-2312, ¶ 5 (1st. Dist.); *Schwab v. Lattimore*, 2006-Ohio-1372, ¶ 11 (1st Dist.); *Allison v. Braunlin*, 113 Ohio App. 511, 512 (10th Dist. 1961); *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*, 96 Ohio App.3d 475, 480 (9th Dist. 1994). In other words, "[i]f immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted." *Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio-1602, ¶ 15 (10th Dist.).

{¶ 10} Here, Koster's own statements that he has been removed from the premises and no longer resides at the property are consistent with Willow Bend's representations in its motion to dismiss and as represented in the executed writ of restitution attached to the

---

[2] This motion was filed in the underlying case after the record was already certified to this court for appeal. Nonetheless, "[a] court may consider evidence from outside the record to determine whether an issue has become moot." *Darr v. Livingston*, 2017-Ohio-841, ¶ 16 (10th Dist.). Additionally, an appellate court deciding an issue of mootness "may take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*, citing *Mountaineer Invests., LLC v. Performance Home Buyers, LLC*, 2011-Ohio-3614, ¶ 11 (2d Dist.); *Ussher v. Ussher*, 2011-Ohio-1440, ¶ 6, fn. 3 (2d Dist.). Here, the motion is part of the trial court's docket and contains Koster's own representations and admissions about relevant facts which do not appear to be in dispute.

motion to dismiss.  On these facts, because Koster has vacated the property and possession was restored to Willow Bend, we find the appeal to be moot.

**IV.  Conclusion**

{¶ 11}  Based on the foregoing, we grant the motion to dismiss.

*Motion to dismiss granted*;
*appeal dismissed.*

JAMISON and DINGUS, JJ., concur.

————————————